**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ROBERT PENTA, JR.,** | § | |
| | § | |
| **V.** | § | **CAUSE NO. 1: 19-CV-0915-DAE** |
| | § | |
| | § | |
| **CENLAR CAPITAL CORPORATION** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE DAVID EZRA
      SENIOR UNITED STATES DISTRICT JUDGE

Before the Court is Defendant's Motion for Summary Judgment (Dkt. No. 15) filed September 11, 2020. Plaintiff Robert Penta, Jr., has failed to file a Response. The District Court referred the Motion to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules.

## I. FACTUAL BACKGROUND

This is a foreclosure case involving a defaulted home loan. In 2009, Robert Penta, Jr., executed a Note secured by a Deed of Trust to secure a loan on real property located on East 14th Street in Austin, Texas.  CitiMortgage, Inc., is the beneficiary of the Deed of Trust by assignment. Defendant Cenlar FSB is the mortgage servicer. Through the Deed of Trust, Penta pledged the real property as collateral for repayment of the Note.  Starting in November 2018, Penta ceased making his required payments on the Note. On August 1, 2019, Penta filed this suit in state court in response to a letter from Cenlar's attorneys stating they were recommencing collection efforts. Penta asserts that Cenlar, through counsel, had agreed to cease collection efforts on the property in order to: (1) respond to Penta's March 3, 2019, request to validate the debt (which Cenlar had 30 days to do); and (2) investigate whether Penta had received proper notice by certified mail pursuant to Texas Property

Code § 51.002(b)(3). He asserts claims of: (1) negligent misrepresentation; (2) breach of contract; and (3) a violation of Texas Property Code § 51.002(b)(3) for failure to give proper notice of the foreclosure. Cenlar removed the case to federal court on the basis of diversity. It now moves for summary judgment on Penta's claims. As noted, Penta has not filed a response.

## II. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *See id.* In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. *See Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. *Id.* Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987); FED. R. CIV. P. 56(c)(2). "[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (internal quotation marks and citation omitted). Ultimately, "[i]f the evidence is

merely colorable . . . or is not significantly probative," summary judgment is appropriate. *Anderson*,

477 U.S. at 249 (citations omitted); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)

("Unauthenticated documents are improper as summary judgment evidence.").

Summary judgment is also proper if the party opposing the motion fails to establish an

essential element of his case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In deciding

whether a fact issue exists, courts must view the facts and draw reasonable inferences in the light

most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Although the

Court must "resolve factual controversies in favor of the nonmoving party," it must do so "only where

there is an actual controversy, that is, when both parties have submitted evidence of contradictory

facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (internal quotation marks and

citation omitted).

### III. ANALYSIS

#### A.    Negligent Misrepresentation Claim

Penta's negligent misrepresentation claim is based on Cenlar's alleged statements in a June

19, 2019 letter, Dkt. No. 1-1 at 12, that it would desist from foreclosing on his loan, and then its

subsequent notice to him that it would in fact proceed with foreclosure on the loan. Dkt. No. 1-1 at

4.  The elements of a negligent misrepresentation claim are: "(1) the representation is made by a

defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2)

the defendant supplies 'false information' for the guidance of others in their business; (3) the

defendant did not exercise reasonable care or competence in obtaining or communicating the

information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation."

*Morris v. Select Portfolio Servicing Inc.*, 2018 WL 577229, at *5 (W.D. Tex. Jan. 26, 2018) (citing

*Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)).  Cenlar seeks summary judgment on this claim because: (1) it is barred by the economic loss rule; (2) Cenlar is not required to delay or reconstitute the foreclosure after an individual's request for information on a loan; and (3) Penta has no evidence to support a claim of negligent misrepresentation. Dkt. No. 15 at 5.

Cenlar argues that the economic loss doctrine bars Penta's negligent misrepresentation claim. The economic loss doctrine "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007). Tort claims are generally not viable if the defendant's conduct "would give rise to liability only because it breaches the parties' agreement." *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). To determine whether a tort claim is "merely a repackaged breach of contract claim," a court considers whether the claim alleges a breach of duty created by contract rather than one imposed by law and whether the injury is only the economic loss to the subject of the contract itself.  *Johnson v. Wells Fargo Bank, NA*, 999 F. Supp. 2d 919, 930-31 (N.D. Tex. 2014). In this case, Penta fails to allege an existing duty arising outside the loan documents, and his negligent misrepresentation claim is therefore barred. *See id.* at 930 (negligent misrepresentation claim regarding loan modification barred by the economic loss doctrine because plaintiff failed to allege a duty or an injury independent from the subject matter of the contract).  *See also Hayes v. Bank of Am., N.A.*, 2020 WL 3065936, at *3 (N.D. Tex. May 15, 2020), report and recommendation adopted, 2020 WL 3065520 (N.D. Tex. June 9, 2020).

**B.**     **Breach of Contract Claim**

Penta asserts that Cenlar breached the Deed of Trust when it did not give him 30 days to cure after sending notice on July 24, 2019, that foreclosure proceedings would recommence. Dkt. No. 1-1

at 6. In Texas, there are four essential elements to a breach of contract claim: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009).

The uncontroverted summary judgment evidence demonstrates that Cenlar did not breach its contract with Penta. First, the summary judgment evidence establishes that Penta was given a chance to cure his default. He was sent written notice of his default on December 19, 2018. Dkt. No. 15-5. Penta failed to cure this default within the allowed time. Absent a showing that the Note was reinstated by Plaintiff after the notice of default, Cenlar was not required to serve new notice of default. *Herrera v. Emmis Mortgage*, 1995 WL 65461 *4 (Tex. App.—San Antonio, Nov. 8, 1995); *Ogden v. Gibraltar Savings Association*, 640 S.W.2d 232 (Tex. 1982). Second, Cenlar adequately notified Penta of the acceleration of his loan on June 12, 2019. Dkt. No. 15-6. The Notice of Acceleration and Notice of Trustee's Sale were sent via certified mail and complied with the requirements of Texas Property Code §51.002. *Id.* Additionally, the Notices provided Penta with more than twenty-one days advance notice of the foreclosure sale scheduled for August 6, 2019. *Id.* The summary judgment evidence establishes that Cenlar complied with the terms of the Note, Deed of Trust and Texas Property Code. Finally, Penta has failed to establish that he has suffered damages for any alleged breach of contract. Cenlar has not foreclosed and Penta is in possession of the subject property, still not having paid monies owed on the Note. *See De La Mora v. CitiMortgage, Inc.*, 2015 WL 12803712, at *2 (S.D. Tex. Jan. 26, 2015) ("Plaintiff cannot show damages resulting from any such breach because no foreclosure sale has occurred.") Penta's breach of contract claim fails as a matter of law and Cenlar is entitled to summary judgment on it.

**C.** **Texas Property Code Claim**

Last, Penta asserts he did not receive proper notice of the foreclosure sale of the subject property via certified letter as required by Texas Property Code §51.002(b)(3). Dkt. No. 1-1 at 6. The Texas Property Code requires a mortgagee to: (1) notify the mortgagor by certified mail that the deed of trust is in default and give him or her at least 20 days to cure and/or protest the default; and (2) give the mortgagor at least 21 days' notice of the sale. TEX. PROP. CODE § 51.002. Cenlar argues that it complied with the Texas Property Code, and, in any event, Penta's claims do not give rise to a claim under the Texas Property Code.

The summary judgment evidence establishes that Cenlar complied with the Texas Property Code. Dkt. Nos. 15-1 ¶ 6, 15-5 and 15-6. However, even if Cenlar did not, § 51.002 does not create a private cause of action. Though the Fifth Circuit has yet to reach the issue, there is wealth of authority from district courts in the circuit so holding. *See Flores v. PennyMac Loan Servs., LLC*, 2019 WL 4720977, at *5 (N.D. Tex. Sept. 4, 2019), adopted by 2019 WL 4691621 (N.D. Tex. Sept. 25, 2019); *Ashton v. BAC Home Loans Servicing, L.P.*, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013) ("This Court has not found any cases that interpret section 51.002 to establish an independent right of action for damages. The section also does not contain its own enforcement mechanism."); *Solis v. U.S. Bank, N.A.*, 2017 WL 4479957, at *2 (S.D. Tex. June 23, 2017) ("Section 51.002 of the Texas Property Code, however, does not provide a private right of action." (citations omitted)), aff'd, 726 F. App'x 221 (5th Cir. 2018) (per curiam) (finding Property Code issues waived on appeal); *Anderson v. CitiMortgage*, 2014 WL 2983366, at *5 (E.D. Tex. July 2, 2014) ("Under Texas law, there is no independent cause of action for breach of section 51.002" (citation omitted)); *Recio-Garcia v. Ditech Fin. LLC*, 2018 WL 4688758, at *3 (W.D. Tex. June 6, 2018) ("An alleged violation

of § 51.002(d) does not create an independent cause of action and instead must be brought as a wrongful foreclosure action."), *report and recommendation adopted*, 2018 WL 4701819 (W.D. Tex. July 10, 2018). Thus, Penta's claims for violations of the Texas Property Code fail as a matter of law and Cenlar is entitled to summary judgment on those claims.

Because some federal courts have construed an allegation of the violation of the Texas Property Code as a wrongful foreclosure claim,[1] and because no response to the motion was filed, the Court will briefly address whether such a claim could be made here.  To state a claim for wrongful foreclosure under Texas law, a plaintiff must plead sufficient allegations showing: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Foster v. Deustsche Bank Nat'l Trust Co.*, 848 F.3d 403, 406 (5th Cir. 2017) (per curiam). Importantly, the plaintiff must not be in possession of the property at issue to bring such a claim. *Id.* Texas does not recognize a cause of action for attempted wrongful foreclosure. *See James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 446-47 (5th Cir. 2013) (per curiam) (citation omitted). Here, the summary judgment evidence demonstrates that Cenlar has not foreclosed and that Penta is still in possession of the property. Accordingly, to the extent Penta's claims for violations of the Texas Property Code could be construed as a claim for wrongful foreclosure or attempted wrongful disclosure, he cannot withstand summary judgment on such a cause of action.

---

[1]*See, e.g., Carey v. Fargo*, 2016 WL 4246997, at *3 (S.D. Tex. Aug. 11, 2016) (citing *Warren v. Bank of Am.,* N.A., 2013 WL 8177096, at *5 (N.D. Tex. Nov. 15, 2013); *Anderson v. Nat'l City Mortg*., 2012 WL 612562, at *6 (N.D. Tex. Jan. 17, 2012); *Johnson v. Vericrest Fin., Inc.*, 2010 WL 3464971, at *4 (N.D. Tex. Aug. 27, 2010)).

## IV.  RECOMMENDATION

For the reasons set forth above, the Court **RECOMMENDS** that Defendant's Motion for Summary Judgment (Dkt. No. 15) be **GRANTED** and that Penta's suit be **DISMISSED WITH PREJUDICE**. **Finally,** the Clerk is directed to **REMOVE** this case from the undersigned's docket and return it to the docket of the Honorable David Ezra.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 28th day of December, 2020.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE